**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Irene D. Gonzalez,** *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:26-cv-00048-DAE-SH** |
| **Commissioner of Social Security Administration,** | § | |
| *Defendant* | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Defendant's Unopposed Motion to Remand to the Commissioner, filed August 27, 2026 (Dkt. 13).[1]

## I. Motion to Remand

Plaintiff Irene Gonzalez challenges the Commissioner's decision that she is not disabled under the Social Security Act. Dkt. 10. She argues that the administrative law judge's assessment of her residual functional capacity is not supported by substantial evidence. *Id.* at 1. Defendant moves the Court to reverse and remand this action to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. 13. Gonzalez does not oppose remand. *Id.* at 1.

Sentence four of § 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

[1] The Honorable David A. Ezra referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 2.

of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). After considering the pleadings, administrative record, and Defendant's Motion, the Court finds that remand is appropriate to ensure that the Commissioner properly considers Gonzalez's claim of disability. *See Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) ("Sentence-four remands give a reviewing court the authority to remand a benefits case if it determines that the Commissioner incorrectly applied the relevant law or made improper findings of fact."); *Luna v. Colvin*, No. 1:24-CV-00894-RP-SH, 2025 WL 379954, at *1 (W.D. Tex. Jan. 10, 2025) (finding sentence-four remand appropriate when government requested remand for further administrative proceedings to ensure plaintiff's claim of disability was properly considered), *R. & R. adopted*, 2025 WL 377724 (W.D. Tex. Feb. 3, 2025).

A district court remanding a case under sentence four must enter judgment and may not retain jurisdiction over the administrative proceeding on remand. *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993); *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (holding that a sentence-four remand must include a substantive ruling affirming, modifying, or reversing the Secretary's decision).

## II. Recommendation

This Magistrate Judge **RECOMMENDS** that Judge Ezra **GRANT** Defendant's Unopposed Motion to Remand to the Commissioner (Dkt. 13) and **REVERSE** and **REMAND** this action under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security for further administrative proceedings.

The Court **FURTHER RECOMMENDS** that Judge Ezra **ENTER JUDGMENT** on behalf of Gonzalez.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

## III. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 2, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE